IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **MOLLY JANE CARMICHAEL** <br> and <br> **MICHAEL A. SOSNOWSKI**, <br><br> Defendants. | No. 13-04052-04/20-CR-C-BCW |

## PRELIMINARY ORDER OF FORFEITURE

This matter is before the Court on the Motion of the United States for a Preliminary Order of Forfeiture. In Forfeiture Allegation One of the Second Superseding Indictment pertaining to Defendant Molly Jane Carmichael, the United States sought forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of any property, real or personal, which constituted or was derived from proceeds traceable to the offenses alleged in Count One, including but not limited to, $177,398.00 in United States currency seized from Boone County National Bank on or about September 10, 2013, from account number 750128998, in the name of Order-Refill, LLC., and controlled by Molly Jane Carmichael and other co-defendants.

On March 10, 2016, a Superseding Information charged that Defendant Michael A. Sosnowski, having devised and intended to devise a scheme to defraud the Food and Drug Administration, combined, conspired and agreed with each other and with others, to defraud the public, and to obtain money by materially false and fraudulent pretenses and representations, that is, false pretenses and representations that "Mayan," "4Bidden," "Remix," "Kryp2nite," "Jolly Roger," "Aces & Eights," and other products contained "incense" that was "not for human

consumption" when, in truth and fact, "Mayan," "4Bidden," "Remix," "Kryp2nite," "Jolly Roger," "Aces & Eights," and other products contained synthetic cannabinoids known as UR-144 and XLR-11, that were intended for human consumption as a drug, and for the purpose of executing such scheme and artifice, and for the purpose of executing such scheme and artifice, to mail, send, and deliver, and to cause to be mailed, sent, and delivered, pure UR-144, pure XLR-11, and the contents of "Mayan," "4Bidden," "Remix," "Kryp2nite," "Jolly Roger," "Aces & Eights," and other synthetic drug products by commercial interstate carrier, all contrary to the provisions of 18 U.S.C. § 1341.

The Forfeiture Allegation of the Superseding Information sought forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of any property, real or personal, which constituted or was derived from proceeds traceable to the offense alleged in Count One, including but not limited to, $14,215.48 in United States currency seized from US Bank on or about September 10, 2013, from account number 152313517574, in the name of Mozark Products, LLC., and controlled by Michael A. Sosnowski.

On April 8, 2016, Defendant Molly Jane Carmichael entered into a plea agreement with the United States, in which she agreed to plead guilty to Count One of the Second Superseding Indictment, charging a violation of 18 U.S.C. § 1349, and to forfeit $177,398.00 in United States currency.

On March 10, 2016, Defendant Michael A. Sosnowski entered into a plea agreement with the United States, in which he agreed to plead guilty to Count One of the Superseding Information, charging a violation of 18 U.S.C. § 1349 and agreed to forfeit $14,215.48 in United States currency.

The Court has determined, based upon the evidence set forth in the plea agreements, that the United States has established the requisite nexus between the property described herein and in the Forfeiture Allegation of the Superseding Information as to Defendant Sosnowski, and in Forfeiture Allegation One of the Second Superseding Indictment as to Defendant Carmichael, and the offenses to which the Defendants have pled guilty.

By virtue of the plea agreements, the United States is now entitled to a Preliminary Order of Forfeiture and to possession of the property pursuant to 18 U.S.C. § 981(a)(1)(C).

Accordingly, it is hereby ORDERED:

1. Based upon the plea agreements and the forfeiture allegations in the Second Superseding Indictment and the Superseding Information, the following property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 18 U.S.C. § 981(a)(1)(C):

    a. $14,215.48 in United States currency; and

    b. $177,398.00 in United States currency.

2. Upon entry of this Order, the United States Attorney General or her designee is authorized to seize the above described property in accordance with Fed. R. Crim. P. 32.2(b)(3).

3. Pursuant to 21 U.S.C. § 853(n), the United States shall publish for at least thirty (30) consecutive days on the Government's official website, www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than Defendants Molly Jane Carmichael and Michael A. Sosnowski, having or claiming a legal interest in the above described property must file a petition with the Court (and serve a copy on Michael S. Oliver, Assistant United States Attorney), within thirty (30) days of the final publication of notice, or of

receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

4. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the Defendants at the time of sentencing (or before if the Defendants consent) and shall be made part of the sentence and included in the judgment.

5. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture in which all interests will be addressed.

DATED: September 9, 2016      /s/ Brian C. Wimes
　　　　　　　　　　　　　　　　JUDGE BRIAN C. WIMES
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT